RECEIVED
IN ALEXANDRIA, LA
DEC 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LARRY LEE STANLEY (#123259) | CIVIL ACTION NO. 09-cv-1179; SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a complaint by Plaintiff Larry Lee Stanley, filed pro se and in forma pauperis on July 10, 2009. Plaintiff is an inmate in the custody of the Louisiana Department Public Safety and Corrections and is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff currently has three suits pending in this Court. He names as the defendant Winn Correctional Center. Plaintiff complains of medical malpractice and that WNC owes him money.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### FACTUAL BACKGROUND

Plaintiff alleged in a previous lawsuit that since July 2008, he was improperly charged for medical and canteen transactions. In this case, Plaintiff states that a large amount of money was stolen from him by WNC staff through deceptive and fraudulent means. He also makes a general claim of medical malpractice.

**LAW AND ANALYSIS**

1. Theft and Malpractice

Plaintiff claims that WNC employees converted large sums of money from his inmate account. As noted in the Report and Recommendation filed in Plaintiff's prior lawsuit, 1:09-cv-952, under the "Parrat/Hudson" doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1983). Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees at WCC. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of the Civil Code, provides all the process that is required, and the Fourteenth Amendment is not implicated. Charbonnet v. Lee, 951 F.2d 638 (5th Cir. 1992), *cert. denied*, 505 U.S. 1205 (1992).

Plaintiff also makes the vague statement: "Notice of medical malpractice against said facility." Acts of negligence or medical malpractice are insufficient to establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). To state a claim under §1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate

2

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).

2. WNC

The only named defendant in Plaintiff's suit is Winn Correctional. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether Winn has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that Winn is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise; therefore, Plaintiff's complaint is subject to dismissal on this ground, as well.

3. PLRA

Finally, under the Prison Litigation Reform Act (PLRA), inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. §1997e(a). Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Dismissal

3

may be appropriate, however, where the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff specifically alleges that he did **not** present the facts relating to his complaint through the prison grievance procedure. In fact, Plaintiff claims that there is no grievance procedure at Winn Correctional. However, according to Title 22 of the Louisiana Administrative Code, all adult institutions of the Department of Public Safety and Corrections – which includes WNC – have installed a formal grievance mechanism for use by all inmates committed to the custody of the department. 22 LA ADC Pt I, §325 (2009). Moreover, the undersigned has reviewed hundreds of cases from WNC and is familiar with its inmate grievance process. It is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED and DISMISSED** with prejudice as failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the**

clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE